# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO
### Judge Daniel D. Domenico

Case No. 18-cv-01097-DDD-SKC

OLOYEA WALLIN,

    Plaintiff,

v.

SYGMA NETWORK and
JON STANLEY,

    Defendants.

## ORDER ACCEPTING
## MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Recommendation of United States Magistrate Judge S. Kato Crews filed on November 18, 2019. (Doc. 85.) The Recommendation states that objections to the Recommendation must be filed within 14 days after its service on the parties. *See* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served via mail on November 18, 2019. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), Advisory Committee

Notes. Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.[1]

Although involuntary dismissal is a harsh remedy to be used only in extreme cases, the Court agrees with Judge Crews that this is such a case. Judge Crews thoroughly reviewed the history of this case and correctly applied the criteria set forth in *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Mr. Wallin repeatedly ignored rules and court orders, filed documents late if he filed them at all, arrived late for hearings when he arrived at all. As Judge Crews explains, this behavior prejudices the Defendant and interferes with the court's operations. Judge Crews and Judge Varholak were more than liberal in allowing Mr. Wallin to proceed despite this repeated behavior, and warned him clearly that if it continued his case could be dismissed. The Court agrees that in light of Mr. Wallin's repeated non-compliance with Court orders and deadlines, the *Olsen* criteria weigh heavily in favor of dismissal for failure to prosecute under Fed. R. Civ. P. 41(b).

Accordingly, it is **ORDERED** as follows:

1. The Recommendation (Doc. 85) is ACCEPTED.
2. This case is DISMISSED with prejudice for failure to prosecute.

DATED December 9, 2019.

BY THE COURT:

_____
Daniel D. Domenico
United States District Judge

---

[1] The only error that appears in the Recommendation is the statement that Mr. Wallin was 51 minutes late to the October 31, 2019 hearing on the Defendant's Motion to Dismiss. (*See* Doc. 85 at 8.) The minutes of that hearing state that Mr. Wallin arrived at 1:51 (as does the Recommendation) for the 1:30 setting. (*See* Doc. 84.) That Mr. Wallin was 21 minutes late rather than 51 minutes late does not meaningfully alter the analysis.

2